IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY MURPHY,<br><br>**Plaintiff,**<br><br>-v-<br><br>INDIANA FINANCE COMPANY and TRANSUNION, LLC,<br><br>**Defendants.** | Civil Case Number:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, Gregory Murphy, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendant Indiana Finance Company has been negligently, recklessly and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiff further alleges that TransUnion, LLC (TransUnion) has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges TransUnion failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Indiana, and violated

-1-

Plaintiffs rights under the FCRA in the State of Indiana as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Gregory Murphy ("Plaintiff"), is a resident of Converse, Indiana, in Miami County, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant TransUnion is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

10. Defendant Indiana Finance Company (hereinafter referred to as "Indiana Finance"), is a corporation incorporated in Indiana, with its principal place of business in Daleville, Indiana.

## FACTUAL ALLEGATIONS

11. On January 26, 2018, Plaintiff reviewed his credit report, and noticed that his account with Indiana Finance was reporting with a $90.00 balance.

12. The Plaintiff owes no balance to Indiana Finance. In fact, Plaintiff has the title to his

vehicle, reflecting that it is paid off in full.

13. As the Plaintiff has no such balance with Indiana Finance, on January 29, 2018 the Plaintiff wrote to TransUnion, stating that the Indiana Finance account should show a $0.00 balance.

14. As of March 30, 2018, TransUnion failed to correct this negative and inaccurate information which was hurting the Plaintiff's credit.

15. Accordingly, on April 3, 2017, the Plaintiff again wrote to TransUnion advising it of its continuing erroneous reporting.

16. As of June 4, 2018, the Plaintiff's credit report continues to reflect this damaging and negative information.

17. At all times pertinent hereto, Defendant's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

18. As a direct and proximate result the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life.  For example, Plaintiff has been unable to obtain the loan he needs to purchase a car, due to the false and negative Indiana Finance information being reported by TransUnion.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15  U.S.C. § 1681i
### AGAINST TRANSUNION

19. All preceding paragraphs are realleged.

20. At all times pertinent hereto, TransUnion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

21. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the

disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

22. On multiple occasions in 2018, Plaintiff initiated disputes with TransUnion requesting that they correct a specific item in his credit file that is patently inaccurate and damaging to him, namely a $90.00 balance on the Indiana Finance account referenced above.

23. TransUnion, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file.

24. As a direct and proximate result of TransUnion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)

25. All preceding paragraphs are realleged.

26. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

27. Were TransUnion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Indiana Finance information being listed on the Plaintiff's credit report, especially after the Plaintiff provided TransUnion with information establishing that this information was not accurate.

28. As a direct and proximate result of TransUnion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT III
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 USC § 1681s-2(b)
### AGAINST INDIANA FINANCE

29. All preceding paragraphs are re-alleged.

30. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

31. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the balance being reported by Indiana Finance.

32. As evidenced by their responses to the Plaintiff, Indiana Finance received these disputes.

33. Indiana Finance was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

34. Indiana Finance failed to reasonably investigate Plaintiff's dispute, and indeed, acknowledged to the Plaintiff that their reporting was inaccurate.

35. Indeed, Indiana Finance's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

36. Indiana Finance's conduct violated section 1681s-2(b) of the FCRA.

## DEMAND FOR TRIAL BY JURY

37. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.  Awarding pre-judgment interest and post-judgment interest;

F.  A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G.  Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: September 7, 2018

MARCUS ZELMAN, LLC

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq. (YZ5857)
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:	(732) 695-3282
Fax:	(732) 298-6256
*Attorney for the Plaintiff*